**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:25-cv-195-RBJ

CAROLINA DE LEON PONCE, *et al.,*

Plaintiffs,

v.

KRISTI NOEM, *et al.,*

Defendants.

---

**ORDER GRANTING MOTION TO DISMISS**

---

This case arises under the Victims of Trafficking and Violence Protection Act of 2000 ("VTVPA"), 8 U.S.C. § 1101(a)(15)(U). This statute permits non-citizens who are victims of certain crimes and cooperate with law enforcement, as well as their qualifying family members, to apply for what is known as a "U Visa." Plaintiffs are Colorado residents who claim to be eligible for a U Visa but whose applications have been pending for as many as 81 months. They essentially are asking the Court to speed up the process. Defendants ask the Court to dismiss the case. I understand plaintiffs' frustration, but nevertheless I conclude that this Court does not have jurisdiction to do what they request. Therefore, the motion to dismiss is granted.

**BACKGROUND**

In October 2000 Congress enacted the VTVPA "to strengthen the ability of law enforcement agencies to detect, investigate, and prosecute" certain serious crimes "while offering protection to victims of such offenses and keeping with the humanitarian interests of the United States." *See* Pub. L. No. 106-386, Title V § 1513(a), 114 Stat. 1464, 1533. Individuals are eligible for U nonimmigrant status if they: (1) are the victim of qualifying criminal activity that occurred in the United States or its territories or possessions; (2) have suffered substantial

physical or mental abuse as a result; and (3) have been helpful to law enforcement in the detection, investigation, or prosecution of such criminal activity. *See* 8 U.S.C. § 1101(a)(15)(U). Successful applicants receive a U Visa, which provides up to four years of nonimmigrant status and work authorization. *Id.* Upon residing in the United States with U nonimmigrant status for three years, they may apply for permanent residency. *See* 8 U.S.C. § 1255(m).

The U Visa program is administered by the United States Citizenship and Immigration Services ("USCIS"), a subagency of the Department of Homeland Security. By statute, the USCIS may grant no more than 10,000 U Visas per year. 8 U.S.C. § 1182(p)(2)(A). However, applications have far exceeded that number. Plaintiffs claim that as of March 2022 more than 291,169 petitions for U nonimmigrant status were pending before the agency. ECF No. 1 at 6-7. Applicants who have been deemed eligible and would have received a U Visa but for the statutory cap must be placed on a waiting list, which provides temporary protection from removal. Moreover, they may be granted work authorization. 8 C.F.R. § 214.14(d)(2). However, the overwhelming number of applications still means that persons placed on the waiting list must wait many months, if not years, until they get their U Visa.

In June 2021, hoping to ameliorate the long waiting periods, the USCIS began conducting less-intense preliminary reviews of pending applications to determine if the application appeared to be bona fide, exercising authority granted under 8 U.S.C. § 1184(p)(6). If the applicant receives a favorable "bona fide determination," also known as a "BFD," he could be granted work authorization. As a practical matter, if an individual receives a favorable BFD, the agency does not later place him on the waiting list. Rather, the next step is to grant him a U Visa when he reaches the front of the line. If the agency declines to grant a BFD, it assesses whether the applicant is nevertheless eligible for the waiting list. If "yes," he is granted deferred

action and may be granted employment authorization. If "no," then the application is denied. USCIS Policy Manual, Vol. 3. Pt. C. Ch. 5, §§ A, B.

The 29 original plaintiffs in this case had been waiting for a lengthy period for either a favorable BFD or to be placed on the waiting list. After the complaint was filed, 16 of them received a favorable BFD, work authorization, and/or deferred action. Those plaintiffs have voluntarily dismissed their claims as moot. Thirteen plaintiffs remain in limbo at this time. In Count 1 of the Complaint, they seek an order pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706, compelling defendants to place them on the U Visa waiting list, determine their eligibility through the BFD process, or grant them work authorization. In Count 2 they seek similar relief under the Mandamus Act, 28 U.S.C. § 1361. The government moves to dismiss under Rule 12(b)(1) for lack of jurisdiction, or alternatively, to dismiss under Rule 12(b)(6) for failure to state a claim for relief upon which relief could be granted. ECF No. 10.

**STANDARD OF REVIEW**

A motion pursuant to Fed. R. Civ. P. 12(b)(1) challenges the court's subject matter jurisdiction. A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Caballero v Armadas Revoluncionarias de Colombia,* 945 F.3d 1270, 1273 (10th Cir. 2019). A dismissal under Rule 12(b)(1) is not a judgment on the merits. *Creek Red Nation, LLC v. Jeffco Midget Football Ass'n., Inc.*, 175 F. Supp. 3d 1290, 1293 (D. Colo. 2016). The dismissal is without prejudice. *Brereton v. Bountiful City Corp.,* 434 F.3d 1213, 1218 (10th Cir. 2006).

A Rule 12(b)(1) challenge comes in two forms with distinct analytical frameworks: a facial attack or a factual attack. *United States v. Rordriguez-Aguirre,* 264 F.3d 1195, 1203 (10th Cir. 2001). A facial attack focuses on the sufficiency of the allegations in the complaint. *Id.* To

resolve a facial challenge, "the district court must accept the allegations in the complaint as true." *Id.* By contrast, a factual challenge, as in the present case, allows a party to "go beyond allegations contained in the complaint and challenge the facts upon which subject matter jurisdiction depends." *Id.* In addressing a factual challenge to subject matter jurisdiction, "the court does not presume the truthfulness of the complaint's factual allegations." *Id.* *See also Stuart v. Colo. Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001) ("a court's reference to evidence outside the pleadings does not convert the motion into a Rule 56 motion"). The burden of establishing subject matter jurisdiction lies with the plaintiffs. *Merida Delgado v. Gonzales,* 428 F.3d 916, 919 (10th Cir. 2005).

**DISCUSSION**

The APA establishes a "basic presumption of judicial review" of agency action. *Lincoln v. Vigil*, 508 U.S. 182, 184 (1993). It permits review of "[a]gency action made reviewable by statute and final agency action for which there is no other adequate remedy in a court." 5 U.S.C. § 704. It also grants reviewing courts the power to compel agency action when the agency has failed to take discrete mandatory action. *Id.* ("The reviewing court shall compel agency action unlawfully withheld or unreasonably delayed."). There is a strong presumption in favor of judicial review "when a statutory provision is reasonably susceptible to divergent interpretation." *Guerrero-Lasprilla v. Barr*, 589 U.S. 221, 229 (2020).

However, both the APA and the Immigration and Nationality Act ("INA") impose certain limits on judicial review. The APA precludes judicial review of agency action that Congress has committed to agency discretion. 5 U.S.C. §§ 701(a)(1)–(2). The INA, too, strips courts of "jurisdiction to review any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under *this subchapter* to be in the

discretion of the Attorney General or the Secretary of Homeland Security." 8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added). "[T]his subchapter" is Subchapter II in Chapter 12 of Title 8 of the United States Code. In short, "challenges directed solely at the agency's discretionary and factual determinations remain outside the scope of judicial review." *Ferry v. Gonzales*, 457 F.3d 1117, 1130 (10th Cir. 2006).

**A. <u>The BFD Determination.</u>**

In their Complaint the plaintiffs acknowledge that the "USCIS decided to exercise discretion under INA 214(p)(6) to conduct bona fide determinations . . . and provide employment authorization documents . . . and deferred action in four-year increments to non-citizens with pending, bona fide petitions who meet certain discretionary standards." ECF No. 1 at 2. Nevertheless, plaintiffs argue that defendants have unlawfully withheld and unreasonably delayed their BFD eligibility in violation of the APA.

The INA, specifically 8 U.S.C. § 1184(p)(6), provides that the USCIS "may grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status." The word "may" indicates discretion. *Biden v. Texas,* 597 U.S. 785, 802 (2022). Thus, the grant of work authorization, a primary benefit of a favorable BFD, is discretionary and not subject to judicial review. *See, e.g., Ramirez v. Wolf,* No. 1:20-cv-203-KWR-SMV, 2020 WL 6146393 at *4 (D. N.M. Oct. 20, 2020).

Defendants characterize the decision as to whether a U status petition is bona fide as a "nondiscretionary factual determination." ECF No. 10 at 8. Arguably, this decision—apparently a simple mechanical review where a USCIS agent is tasked with confirming that the applicant has submitted the requisite paperwork and passed a background check with no further investigation into the evidentiary value of the application—could be viewed as judicially

reviewable. However, in my view, that argument is trumped by *Patel v. Garland,* 596 U.S. 328 (2022).

In that case, a noncitizen who was facing removal applied for an adjustment of his status to lawful permanent resident pursuant to 8 U.S.C. § 1255(i). However, a requirement for an adjustment was that the applicant be statutorily admissible for permanent residence, and a subsection of 8 U.S.C. § 1182 rendered inadmissible any alien who had falsely represented himself to be a U.S. citizen. Patel had falsely indicated that he was a U.S. citizen when he applied for a Georgia driver's license, but he claimed that this was a mistake. An immigration judge found his claim not credible and denied his claim for an adjustment. On appeal Patel did not claim that the ultimate decision on adjustment of his status was nondiscretionary; rather, he claimed that the factual determination that his claim of mistake was not credible was nondiscretionary and reviewable. 596 U.S. at 338. His argument turned on the Court's interpretation of 8 U.S.C. § 1252(a)(2)(B) which provides that "no court shall have jurisdiction to review (i) any judgment regarding the granting of relief under section . . . 1255 of this title." The Court concluded that "any judgment regarding the granting of relief" encompassed any and all decisions relating to the granting or denying of the discretionary relief, which included the factual support for the ultimate decision. *Id.* at 338-39.

In the present case, defendants argue that the same result occurs under § 1252(a)(2)(B)(ii), which states in pertinent part, "no court shall have jurisdiction to review . . . any other decision or action of the Attorney General or the Secretary of Homeland Security the authority of which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security . . . ." As noted above, "this subchapter" is Subchapter II in Chapter 12 of Title 8 of the United States Code, which includes 8 U.S.C. §

1184(p)(6), pursuant to which BFD may be granted. Defendants argue that "any decision or action" is broad and includes the predicate, nondiscretionary factual determination whether an applicant is eligible for a BFD, just as "any judgment regarding the granting of relief" included the predicate, nondiscretionary factual determination of the credibility of Patel's representation that his statement on his driver's license application that he was a U.S. citizen. I agree.

One might argue that because *Patel* never referenced the specific subsection of § 1252(a)(2)(B)(ii) that is at issue in this case, it should not govern here. However, I find that to be a distinction without a difference. The point of *Patel* was that decisions or actions that are part and parcel of an ultimately discretionary action are themselves not subject to judicial review. Indeed, in *Kucana v. Holder,* the Court noted that "[t]he proximity of subparagraphs (i) and (ii), and the words linking them— 'any other decision'—suggest that Congress had in mind decisions of the same genre, i.e., those made discretionary by legislation." 558 U.S. 233, 234 (2010). Applying the Court's expansive reading of "any judgments" in subparagraph (i) to subparagraph (ii) suggests that USCIS's BFD process constitutes a "predicate, nondiscretionary factual determination that an agency makes before it decides whether to grant discretionary relief." 596 U.S. at 337-38. Because this Court understands the BFD as such, *Patel* insulates it from judicial review.

Plaintiffs argue that § 1252 does not apply to this case because its title is "Judicial review of orders of removal," and this case (unlike *Patel*), does not involve an order of removal. ECF No. 11 at 2. However, the body of § 1252(a)(2)(B) states, "Notwithstanding any other provision of law (statutory or nonstatutory). . . and *regardless of whether the judgment, decision, or action is made in removal proceedings,*. . . no court shall have jurisdiction to review … any other decision or action of the Attorney General or the Secretary of Homeland Security the authority

for which is specified *under this subchapter* to be in the discretion of the Attorney General or the Secretary of Homeland Security." (emphasis added). The body of the statute applies regardless of the title. *See Geda v. Director United States Citizenship and Immigration Services,* 126 F.4th 835, 845-46 (3rd Cir. 2025).

I acknowledge that two of my colleagues have not applied *Patel* as controlling in a somewhat different context. *See Lara-Esperanza v. Mayorkas,* No. 23-cv-01415-NYW-MEH, 2023 WL 7003418 (D. Colo. Oct. 24, 2023); *Granados v. United States*, No. 23-cv-00250-MEH, 2023 WL 5831515 (D. Colo. Aug. 23, 2023). In *Lara-Esperanza* the plaintiff was a citizen of El Salvador who had entered the United States illegally but was married to a U.S. citizen. He was seeking lawful permanent residence as the spouse of a citizen, and among other things, he needed to have USCIS waive his unlawful presence in the United States. After his application for the waiver remained unadjudicated for 42 months, he sued to compel USCIS to act on his application, asserting violations of the APA and the Mandamus Act. Defendants moved to dismiss for lack of jurisdiction based on a provision of the INA providing that "[n]o court shall have jurisdiction to review a *decision or action* [by the USCIS] regarding a waiver under this clause." 8 U.S.C. § 1182(a)(9)(B)(v) (emphasis added). The court distinguished that statute and *Patel* on the basis that the plaintiff did not challenge a decision or action or judgment but rather, USCIS's *inaction* on the waiver application. The facts and arguments in *Granados* were similar.

In my view, however, inaction fits comfortably within § 1252(a)(2)(B)(ii)'s broad term, "any other decision or action." It is a decision or action about the pace at which applications will be reviewed for a BFD determination (or whether they will be reviewed at all). *Cf. Kanapuram v. Director, US Citizenship and Immigration Services,* 131 F.4th 1302, 130 (11th Cir. 2025) ("Our sister circuits have held, in nearly identical cases, that § 1252(a)(2)(B)(ii) precludes jurisdiction

over challenges to USCIS delays in adjudicating Form I-485 adjustment of status applications.") (citing *Cheejati v. Blinken,* 106 F. 4th 388, 394-96 (5th Cir. 2024) and *Thigulla v. Jaddou,* 94 F. 4th 770, 777-78 (8th Cir. 2024)). Therefore, I conclude that this Court lacks jurisdiction to consider a challenge to USCIS delays in making BFD determinations.

**B. <u>The Waiting List</u>.**

Plaintiffs ask this Court to compel USCIS to immediately place them on the waiting list, pursuant to 8 C.F.R. § 214.14(d)(2), which states that "[a]ll eligible petitioners who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on the waiting list." *Id.* (emphasis added); Count 2, Compl. ¶ 32. Plaintiffs assert that they are presently eligible for waiting list placement because they have submitted all required paperwork.

I agree that placement of eligible applicants on the waiting list is mandatory. However, first the USCIS must make a favorable eligibility determination. Congress provided minimal instruction for how to determine U-visa eligibility, stating only that USCIS must "consider any credible evidence relevant when acting on the petition." 8 U.S.C. § 1184(p)(4). Congress provided no further guidance as to *how* the agency should determine credibility or relevancy, nor did it specify *what* evidence is to be considered, leaving USCIS to flesh out those details in its discretion. *See* 8 C.F.R. § 214.14(b) (U-visa eligibility contingent upon demonstrating "all of the following in accordance with paragraph (c) of this section"). Paragraph (c) provides that "USCIS has *sole jurisdiction* over all petitions for U nonimmigrant status," and "USCIS will determine, in its *sole discretion*, the evidentiary value of previously or concurrently submitted evidence." 8 C.F.R. § 214.14(c)(4) (emphasis added).

In short, Congress vested USCIS with broad discretion to find and weigh pertinent U visa evidence. Until this discretionary step takes place, the mandatory placement of the applicant on

the waiting list is not triggered. *See Canevaro v. Wolf,* 540 F. Supp. 3d 1235, 1242 (N.D. Ga. 2021). *See also Perez v. Wolf,* 943 F.3d 853, 870) (9th Cir. 2019) ("USCIS will 'determine, in its sole discretion, the evidentiary value of previously or concurrently submitted evidence, including Form I-918, Supplement B, U Nonimmigrant Status Certification.'"). This reasoning applies whether applicants invoke the APA or the Mandamus Act. Plaintiffs have not alleged or presented any evidence that their eligibility determination has been made.

**CONCLUSION AND ORDER**

Discretionary and nondiscretionary predicate factual determinations, such as waiting list eligibility and granting a favorable BFD and work authorization, are not judicially reviewable. Accordingly, defendants' Motion to Dismiss, ECF No. 10, is GRANTED. This case is dismissed without prejudice.[1]

DATED this 23rd day of October, 2025.

BY THE COURT:

R. Brooke Jackson
Senior United States District Judge

[1]The Court does not reach or decide defendants' alternative argument that the case should be dismissed for failure to state a claim on which relief could be granted. However, if jurisdiction did exist and the issue became whether a reasonable time to make an eligibility decision or to place an applicant on the waiting list has passed such that a mandatory injunction should issue, the joinder of multiple plaintiffs with varying application dates and the notion of putting any of these plaintiffs ahead of other applicants in the queue would be concerns. *See Ramirez,* 2020 WL 6146393 at **2-3.